IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY § § § | |
| V. § | No. 5:14CV10-JRG-CMC |
| § | |
| UNITED FIRE & CASUALTY COMPANY § § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant United Fire & Casualty Company ("United") filed objections to the Report and Recommendation. Plaintiff Colony National Insurance Company ("Colony") filed a response to the objections. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

This is an insurance coverage dispute. Colony seeks a declaration regarding United's duty to defend Carothers Construction, Inc. ("Carothers") in a lawsuit styled *Gordon Ray Bonner v. Joyce Steel Erection, Ltd.*, Cause No. 11C0822.202 in the 202nd District Court of Bowie County, Texas (the "underlying suit"). Carothers was the general contractor on a Red River Army Depot project near Texarkana, Texas. During the construction of the project, Carothers utilized subcontractor Self Concrete, LLC ("Self Concrete") to pour and form concrete tilt wall panels and subcontractor Premier Constructors, Inc. ("Premier") to perform steel erection work at the construction site. During

the course of the construction, one of Premier's workers, Ray Bonner, was injured when one of Self Concrete's tilt walls was being hoisted into place. According to Bonner, the panel swung out in an uncontrolled manner and pinned Bonner against a retaining wall. In the underlying suit, Bonner sued Carothers and Self Concrete (and Joyce Steel Erection, Ltd.).

United insured Self Concrete. Colony insured Bonner's employer, Premier. Carothers was an additional insured on both policies. Carothers tendered its defense to both United and Colony. Colony accepted the tender and provided a defense to Carothers. United declined.

In this case, Colony asserts breach of contract claims, including claims for subrogation and contribution, against United for its refusal to defend Carothers in the underlying suit. Colony requests the Court construe the Colony and United policies and declare that United is required to share Carothers' defense costs and fees equally with Colony. Colony seeks a judgment awarding Colony one-half of it its costs and fees in the underlying suit and ordering United to reimburse Colony for the attorney's fees that it has incurred prosecuting this suit based on the Texas Practice & Remedies Code § 38.001 and/or Texas Insurance Code §§ 541 and 542.

United does not dispute Carothers is an additional insured during the relevant time period. However, it asserts it did not owe Carothers a defense because Bonner did not allege facts in the underlying suit sufficient to impute any liability of Self Concrete to Carothers as required under the United policy. United also asserts Colony has waived its right of subrogation and recovery.

The parties filed cross motions for summary judgment.

## **REPORT AND RECOMMENDATION**

In her Report and Recommendation dated March 2, 2016, the Magistrate Judge recommended Colony's motion for summary judgment be granted and United's motion for summary judgment be

denied. Specifically, the Magistrate Judge concluded Self Concrete was contractually obligated to provide insurance coverage to Carothers as an additional insured on its commercial general liability policy with United. According to the Magistrate Judge, the allegations in the underlying suit implicate Self Concrete, which triggers coverage for Carothers under the Self Concrete policy with United. The Magistrate Judge further found Colony, by its policy terms, did not waive any subrogation claims it has against United for Carothers' defense costs. Thus, the Magistrate Judge concluded United is responsible for one half of Carothers' defense costs, and Colony is entitled to recover $250,159.38, plus pre and post judgment interest, from United.

The Magistrate Judge did not make a recommendation as to whether Colony is entitled to recover attorney's fees, and if so, for what amount. Instead, the Magistrate Judge ordered Colony to file a separate motion for attorney's fees, setting forth its arguments pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq*., as well as the current amount of attorney's fees incurred in this suit to date. On March 16, 2016, Colony filed its Motion for Award of Attorneys' Fees (Dkt. No. 45). The Court will issue a separate order on that motion once it is ripe.

## **UNITED'S OBJECTIONS**

United filed objections to the Magistrate Judge's Report and Recommendation, asserting in a nutshell as follows: (1) the underlying allegations do not state facts potentially bringing the claim against Carothers within the scope of coverage furnished by United's additional insured endorsement; (2) the additional insured coverage furnished to Carothers by United is excess to the additional insured coverage furnished to Carothers by Colony; and (3) a waiver of subrogation provision in Colony's policy eliminates Colony's right to recover from United. In response, Colony asserts the Magistrate Judge did a thorough job of analyzing and rejecting each of these arguments.

3

## *DE NOVO* REVIEW

This is a duty to defend case, not an indemnity case. Under the eight corners or complaint allegation rule, an insurer's duty to defend is determined by the plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of the allegations. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Courts applying the eight corners rule "give the allegations in the petition a liberal interpretation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). If there is any doubt, there is a duty to defend. *Gore Design Completions, Ltd. v. Harford Fire Ins. Co.*, 538 F.3d 365 (5th Cir. 2008).

United's first objection basically concerns the Magistrate Judge's agreement with Colony it was "entirely possible" that there is a "chance" Self Concrete's acts may be imputed to Carothers under the allegations in the underlying suit. (Report and Recommendation at 27). Stated differently, the Magistrate Judge found the allegations in the underlying suit do not "clearly and unambiguously fall outside the scope" of the United policy's coverage. *Id*. (citing *Trinity Universal Co. Ins. v. Employers Mutual Casualty Co.*, 592 F.3d 687, 693 (5th Cir.2010)). According to United, the Magistrate Judge improperly shifted the burden of proof to United contrary to the Fifth Circuit's opinion in *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 FF.3d 589 (5th Cir. 2011). Colony argues this "weak argument confuses duty to defend issues with liability issues, and ignores the obvious difference between this case and *Gilbane*." (Dkt. No. 46 at 4).

In *Gilbane*, general contractor Gilbane sought defense and indemnification from Admiral Insurance Company based on a commercial general liability policy Admiral had issued to Empire Steel Erectors, a subcontractor. The district court found Admiral owed a duty to defend and

4

indemnify. *Gilbane*, 664 F.3d at 592. The policy provided coverage to additional insureds for their own or their agents' acts or omissions, "so long as Empire Steel had previously assumed the liability of the potential additional insured in a written contract." *Id.* at 593. Having determined Gilbane qualified as an additional insured, the Fifth Circuit considered whether the pleadings in the underlying suit sufficiently alleged that Empire, or someone acting on its behalf, caused the injuries of Empire's employee Parr. *Id.* at 596.

The policy at issue in *Gilbane* explicitly required that the injuries "be caused, in whole or in part, by" Empire. *Id.* at 598. As such, Admiral owed Gilbane a duty to defend only if the underlying pleadings alleged that Empire, or someone acting on its behalf, proximately caused Parr's injuries. *Id.* The Fifth Circuit reversed the district court, finding Admiral had no duty to defend additional insured Gilbane because the "allegations in the pleadings [did] not implicate" the fault of the insured Empire. *Id.* at 599.

According to the Fifth Circuit, in performing its eight-corners review, "a court may not read facts into the pleadings, look outside the pleadings, or speculate as to factual scenarios that might trigger coverage or create ambiguity." *Id.* at 596-97. In concluding the district court had imagined factual scenarios that could give rise to coverage,[1] the Fifth Circuit noted the district court had essentially shifted the burden of proof to the party disputing coverage to show that the pleadings did not support a covered claim. *Id.* at 599. The Fifth Circuit held the district court should only have

---

[1] In deciding that Admiral had a duty to defend, the district court characterized the petition as stating "the injuries occurred when Parr was walking down the ladder with muddy boots," which it considered sufficient to implicate Parr's contributory negligence. *Gilbane*, 664 F.3d at 598. According to the Fifth Circuit, the petition did not allege that Parr climbed down the ladder with "muddy boots." Rather, it alleged that Gilbane's negligence caused the work area to become "slippery and hazardous," causing Parr's injuries. *Id.*

considered whether the facts pleaded affirmatively implicated Parr's or Empire's negligence. *Id.* The Fifth Circuit concluded the petition did not affirmatively allege any facts suggesting that Parr's or Empire's negligence caused his injuries; thus, Admiral had no duty to defend. *Id.*

Here, the Magistrate Judge did not improperly shift the burden of proof to United to establish the allegations did not support a covered claim. Rather, she properly referenced the potentiality standard used in *Zurich Am. Ins. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex.2008) to "characterize the description of claims in the petition, determining whether they potentially were covered." *Gilbane*, 664 F.3d at 599. United argues the Magistrate Judge assumed facts not stated within the pleadings, namely facts regarding "Carothers' exercised control over the operative details of Self Concrete's work sufficient to impute liability." (Dkt. No. 43 at 8-9). According to United, Texas law requires that a general contractor of an independent contractor can only become liable for an independent contractor's actions if the general contractor "controls the detail or methods of the independent contractor's work to such an extent that the contractor cannot perform the work as it chooses." *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 791-92 (Tex.2006).

United's policy required it to provide a defense to its additional insured, Carothers, for "[Self Concrete's] liability which may be imputed to [Carothers] directly arising out of [Self Concrete's] ongoing operations." AR 0040. The facts affirmatively alleged in the underlying suit are as follows. Carothers hired Self Concrete to form, pour, and prepare the concrete tilt panels for the project, and Carothers maintained control over the work site and provided the plans for the tilt panel forming to Self Concrete. AR 0250-51. Self Concrete had a duty to follow Carothers' plans in connection with the tilt panels, including a duty to inspect and make sure the panels worked to the contractor's specifications and were properly prepared. AR 0251. Bonner further alleged Carothers owed him a

6

duty to ensure he had a safe place to work, and Carothers breached that duty by failing to ensure subcontractor compliance with applicable plans and regulations. AR 0293.

Alternatively, Bonner alleged Carothers, as the controlling employer, had general supervisory authority over the work site, including the power to correct or require others onsite to correct safety hazards that existed there. Bonner alleged Carothers breached its duty to exercise reasonable care to detect any unsafe conditions and was negligent in failing to perform its work as a reasonable and prudent prime contractor. AR 0293-94. Bonner specifically alleged Self Concrete was required by contract with Carothers to clean the job site area and that it breached that duty. AR 0294. He alleged Self Concrete was negligent in failing to remove its form work and materials prior to the lift in question, and that Carothers was negligent in failing to have in place proper policies and procedures for cleaning and inspecting the job site and following safety guidelines. AR 0258-59.

The Magistrate Judge did not improperly read facts into the pleadings or imagine factual scenarios which might trigger coverage. She found the allegations in Bonner's underlying suit, when liberally interpreted and taken as true, allege the requisite degree of control. The Court agrees with the Magistrate Judge.

In *Indian Harbor Ins. v. Valley Forge Ins. Group*, 535 F.3d 359 (5th Cir.2008), El Naggar had hired a general contractor (Traxel) to construct a building on his property. *Id.* at 361. Traxel hired American Steel to erect a prefabricated steel building at the site. *Id.* American Steel hired Arrow Trucking to deliver the steel for the building to the job site, and the general contractor separately hired Coastal to construct the concrete slab for the building. *Id.* El Naggar sued Traxel, American Steel, Arrow Trucking, and Coastal, contending the concrete slab was defective and caused significant damage to the building. *Id.*

7

Indian Harbor insured Coastal under a general liability policy. *Id*. at 362. It provided Coastal a defense and also shared in the defense of Traxel, which Indian Harbor considered an additional insured under its policy covering Coastal. *Id*. Valley Forge insured American Steel and Liberty Mutual insured Arrow Trucking- both under business automobile insurance policies which provided "any party that is liable for the conduct of the named insured is also covered as an insured, but only to the extent of that liability." *Id*. Indian Harbor sued the other two insurance companies asserting Traxel and Coastal were owed a duty to defend under the policies issued to American Steel and Arrow Trucking "because El Naggar's complaint included facts sufficient to support a claim that Coastal and Traxel were vicariously liable for the conduct of American Steel and Arrow Trucking." *Id.*

El Naggar alleged that Traxel was "to have supervised, scheduled, and organized all contractors and subcontractors" and was contractually obligated "to supervise the delivery of American/Vulcan's steel to the site" but failed to do so by "permitting heavy material to be brought upon an uncured concrete slab." *Id*. at 364. The Fifth Circuit held the alleged conduct was typical of the activities and functions of a general contractor and did not "rise to the degree of control that would cause subcontractors to be agents of a general contractor for purposes of tort liability." *Id.* Importantly, none of the allegations indicated that Traxel instructed American Steel or Arrow Trucking as to the method is was to utilize in erecting the steel structure. *Id.* at 365.

In Bonner's Third Amended Original Petition relied upon by United, Bonner alleges Carothers maintained control over the worksite and provided the plans for the tilt-up panel forming to Self Concrete. AR 0250-51. This allegation indicates that Carothers provided the plan or method Self Concrete was to utilize in forming the tilt panels, thus indicating a degree of control sufficient

8

to support imputed liability. The Court finds United's first objection without merit.

United's remaining objections rehash the arguments raised before the Magistrate Judge. United's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Colony's Motion for Summary Judgment (Dkt. No. 36) is **GRANTED**. It is further

**ORDERED** that Defendant United Fire & Casualty Company's Motion for Summary Judgment (Dkt. No. 37) is **DENIED**.

**So Ordered this**
**Mar 30, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE